IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIQUE RANDOLPH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 16-2865 (AET)<br><br>OPINION |

**ANNE E. THOMPSON, U.S.D.J.**

## I. INTRODUCTION

Petitioner Unique Randolph ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Respondent, the United States of America, opposes the motion. (ECF No. 10.) For the reasons stated herein, Petitioner's motion is denied, and no certificate of appealability will issue.

## II. BACKGROUND

On May 5, 2014, Petitioner pled guilty to one count of knowing and purposeful robbery under the Hobbs Act, 18 U.S.C. § 1951(a), and one count of knowing use of firearm in furtherance of a crime of violence and aiding and abetting the same, 18 U.S.C. § 924(c)(1)(A)(ii), (2). *United States v. Randolph*, Crim. No. 13-349, ECF Nos. 66, 68. As part of the plea agreement, Petitioner and the Government stipulated to certain facts underlying the charges. (ECF No. 10-1, at 7.) Specifically, the parties agreed that

> a. On or about January 16, 2013, [Petitioner] and a coconspirator entered the T-Mobile Store in Paramus, New Jersey, with the intent to physically restrain store employees and then rob the

       store of electronic merchandise.

  b. Before [Petitioner] entered the T-Mobile Store in Paramus, New Jersey, it was reasonably foreseeable to [him] that his coconspirator would possess and brandish a firearm during the course of the robbery.

  c. After entering the T-Mobile Store in Paramus, New Jersey, [Petitioner] tied up three store employees, one customer, and a UPS deliveryman, while his coconspirator held the victims at gunpoint. [Petitioner] and the coconspirator then stole numerous electronic items from the T-Mobile Store and fled in a get-away vehicle driven by a third coconspirator.

(*Id.*)

On July 27, 2015, this Court sentenced Petitioner to a 48-month term of imprisonment on the robbery charge and an 84-month term on the use of a firearm during a crime of violence charge, for a total sentence of 132 months. (ECF No. 10-3, at 3.) Petitioner did not file a direct appeal.

On June 26, 2015, the United States Supreme Court struck down the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court ruled that *Johnson* applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Petitioner thereafter filed the instant motion under 28 U.S.C. § 2255 on May 20, 2016, challenging his conviction for use of a firearm during a crime of violence. (ECF No. 1.) Pursuant to a standing order issued by Chief Judge Simandle on June 23, 2016, this matter was stayed for a 150-day period. *See* Standing Order 16-2, http://www.njd.uscourts.gov/sites/njd/files/Johnson.pdf. On November 17, 2017, the Government filed its Answer, arguing that Petitioner's conviction is not affected by *Johnson*. (ECF No. 10.)

### III. STANDARD OF REVIEW

Section 2255 provides in relevant part that

2

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 8 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

## IV. DISCUSSION

Petitioner argues that, pursuant to the Supreme Court's decision in *Johnson*, the residual clause in § 924(c)(3)'s definition of "crime of violence" is unconstitutional. It follows, Petitioner argues, that his conviction for brandishing a firearm during a crime of violence cannot stand because robbery under the Hobbs Act would no longer be a predicate "crime of violence."

Section 924(c) creates a "criminal penalty for any individual who possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime." *Darby v. United States*, No. 18-110654, 2018 WL 3412846, at *2 (D.N.J. July 12, 2018). A crime of violence is defined as "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(A)-(B). The first clause of that definition is commonly referred to as the "elements clause" and the latter as the "residual clause." *Feria v. United States*, No. 16-5105, 2018 WL 4502194, at *1 (D.N.J. Sept. 19, 2018).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2555. The residual clause of

3

the ACCA included in its definition of a violent felony "any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)). Recently, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210–11 (2018), the Supreme Court extended *Johnson* to also invalidate as unconstitutionally vague the residual clause of the Immigration and Nationality Act ("INA"), which "renders deportable any alien convicted of an 'aggravated felony.'" The residual clause of the INA defined an "aggravated felony," in pertinent part, as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at 1211 (quoting 18 U.S.C. § 16(b)). The *Dimaya* court determined that the INA residual clause suffered from the same problems as the ACCA clause at issue in *Johnson* and violated due process "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony." *Id.* at 1214–15 (quoting *Johnson*, 135 S. Ct. at 2558).

Petitioner argues that because the clause at issue in *Dimaya* and the residual clause of § 924(c)(3)(B) are substantially similar, the residual clause of § 924(c)(3)(B) must be invalidated as unconstitutionally vague. If the residual clause is no longer valid, Petitioner argues, his conviction for Hobbs Act robbery is no longer a predicate offense for knowing use of a firearm in furtherance of a crime of violence.[1] However, the Court need not reach the issue of the continued vitality of § 924(c)(3)(B)'s residual clause—Petitioner's conviction for Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c)(3)(A).

---

[1] Petitioner additionally argues that conspiracy to commit robbery under the Hobbs Act would also no longer constitute a crime of violence under § 924(c). The Court will not consider this argument as Petitioner did not plea to nor was he convicted of conspiracy to commit robbery under the Hobbs Act. (ECF No. 10-3.)

4

There are two approaches courts in the Third Circuit follow when considering whether a certain offense is a predicate offense under the elements clause of § 924(c)(3)(A)—the categorical approach and the modified approach for contemporaneous offenses. Under the categorical approach, courts "look only to the fact of conviction and the statutory definition of the prior offense" to determine whether the minimum culpable conduct of that offense necessarily constitutes a crime of violence. *See United States v. Taylor*, 495 U.S. 575, 600 (1990). Conversely, where the predicate offense and § 924(c) offense involve contemporaneous conduct, courts should, in addition to comparing the statutory elements of each offense, "look at all the offenses before the jury to the extent that these offenses shed light on whether physical force was used, attempted, or threatened in committing the predicate offense." *United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2016); *see also United States v. Robinson*, 844 F.3d 137, 143 (3d Cir. 2016). Under the modified approach, courts consider only jury-established or defendant-admitted facts. *Robinson*, 844 F.3d at 143. Petitioner's conviction for Hobbs Act robbery constitutes a predicate offense under either approach.

The Hobbs Act makes it a criminal offense for any person to "in any way or degree obstruct[], delay[] or affect[] commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempt[] or conspire[] so to do." 18 U.S.C. § 1951(a). Robbery is defined under the Act as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury, immediate or future*, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1) (emphasis added).

First, applying the categorical approach, it is facially apparent that the requirement that actual or threatened force or violence be used to perpetuate the unlawful taking places Hobbs Act robbery squarely in the elements clause of § 924(c)(3)(A). *See Robinson*, 844 F.3d at 143–44 (noting that the definition of Hobbs Act robbery "would seem adequate in and of itself to satisfy the 'elements' clause of" § 924(c)(3)(A)); *id.* at 151 (Fuentes, J., concurring) ("I find that Hobbs Act robbery is categorically a crime of violence under Section 924(c)(3)"); *see also United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018) (holding that robbery under the Hobbs Act categorically "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); *In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (finding that defendant's "conviction for Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)).

Similarly, under the modified approach, Petitioner's conviction for robbery constitutes a crime of violence for the purpose of § 924(c)(3)(A). Petitioner stipulated in his plea agreement that he physically restrained multiple people while his codefendant pointed a gun at them and that it was foreseeable to him that his codefendant would brandish a firearm during the robbery. (ECF No. 10-2, at 7.) This use of both physical and threatened force places Petitioner's actions squarely in the purview of § 924(c)(3)(A). Because Petitioner's conviction for Hobbs Act robbery constitutes a crime of violence under the elements clause, the Court need not reach his challenge to the residual clause and relief under § 2255 is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Applying this

6

standard, the Court finds that a certificate of appealability shall not issue in this case.

## VI. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied. No certificate of appealability shall issue. An accompanying Order shall be entered.

ANNE E. THOMPSON
United States District Judge